UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23644-BLOOM/Louis

TIMNESSIA BENTON, *as daughter and next friend of Lisa Cassandra Benton*,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiff Timnessia Benton's ("Plaintiff") Motion for Leave to File Second Amended Complaint, ECF No. [45] ("Motion"), filed on July 2, 2021. Defendant Carnival Corporation ("Defendant") filed a Response in Opposition to the Motion, ECF No. [48] ("Response"), to which Plaintiff filed a Reply, ECF No. [51] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On September 1, 2020, Plaintiff, as next friend for her mother, Lisa Benton ("Ms. Benton"), initiated this maritime tort action against Defendant. *See* ECF No. [1]. Plaintiff thereafter filed an Amended Complaint, ECF No. [11]. According to the Amended Complaint, Ms. Benton suffered a stroke while onboard Defendant's vessel, the Carnival *Fascination*. *Id.* ¶¶ 6, 33. Plaintiff alleges that Ms. Benton was denied proper medical care when she presented to the ship's medical staff. *Id.* ¶¶ 30-65. Specifically, the nurse refused to call the ship's doctor to examine and treat Ms. Benton unless and until she paid for an emergency examination. *Id.* ¶¶ 33-37. When Ms. Benton

could not pay, the nurse required Ms. Benton to sign a form acknowledging her decision to leave without treatment. *Id.* ¶¶ 38-42. Thereafter, the ship's doctor learned of Ms. Benton's medical condition and failed to arrange immediate evacuation of Plaintiff via helicopter to an appropriate medical center. *Id.* ¶¶ 48-50. Based upon the foregoing allegations, the Amended Complaint asserts four claims for relief: (1) Vicarious Liability for Negligence of Medical Staff; (2) Vicarious Liability for Negligence of Medical Staff; (3) Vicarious Liability for Negligence of Non-Medical Personnel; and (4) Direct Liability for Negligence.

On November 24, 2020, the Court entered a Scheduling Order, ECF No. [14], setting January 22, 2021 as the deadline for the parties to move for leave to amend the pleadings or to join parties. Thereafter, on June 22, 2021, the Court entered an order modifying the Scheduling Order, ECF No. [43] ("Amended Scheduling Order") due to additional time needed for discovery. However, the time to amend pleadings remained unchanged. Plaintiff now moves for leave to file a Second Amended Complaint primarily to add: (1) claims for punitive damages within Counts I and II; and (2) within Count IV, allegations of negligent hiring with regard to the ship's doctor admittedly not having minimally required American College for Emergency Physicians ("ACEP") credentials and/or experience. *See generally* ECF No. [45].

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (citation omitted).

Here, because Plaintiff's Motion was filed six months after the Scheduling Order's amendment deadline, Plaintiff "must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). This means that "the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007).

The Court's Scheduling Order may be modified only "upon a showing of good cause," which "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (citing Fed. R. Civ. P. 16 advisory committee's note; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")). "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Donahay*, 243 F.R.D. at 699 (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85-86 (M.D. N.C. 1987)). Further, "good cause is not shown if the amendment could have been timely made," even if the opposing party would not be prejudiced. *Id.*; *see also Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1369 (S.D. Fla. 2011), *aff'd sub nom. Kernel Records Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012) ("Diligence is evaluated by considering the following factors: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether even after acquiring the information the plaintiff delayed in seeking the amendment.").

Case No. 20-cv-23644-BLOOM/Louis

Evaluating the instant Motion, the Court finds that Plaintiff has failed to demonstrate good cause necessary to justify amendment at this late stage of the proceedings. Indeed, while Plaintiff explains that the Motion is premised upon information revealed during the depositions of the ship's medical staff taken on May 4, 2021 and May 17, 2021, Plaintiff nonetheless waited nearly two months after acquiring the information before seeking leave to amend. ECF No. [45] at 11. The Court is certainly mindful of the scheduling delays that arose supporting the need for an extended discovery period and entry of the Court's Modified Scheduling Order, ECF No. [43]. However, the Amended Scheduling Order did not excuse Plaintiff from diligently seeking leave to file a Second Amended Complaint, nor does it afford Plaintiff the ability to assert additional claims that will widen the scope of this litigation.

Additionally, the Court is not persuaded that Plaintiff needed to take significant discovery to add claims for punitive damages to her Amended Complaint. As Defendant correctly highlights, the crux of the instant lawsuit is that Defendant's medical staff turned Ms. Benton away for failure to pay fees and costs associated with emergency medical treatment, and the medical staff's deposition testimony "only confirm[s] or supplement[s] the numerous allegations concerning those same issues that [Plaintiff] raised in [her] [Amended] Complaint." *Boney v. Carnival Corp.*, No. 08-22299-CIV, 2009 WL 4039886, at *1 (S.D. Fla. Nov. 20, 2009). Thus, while Plaintiff may have recently obtained evidence to support or ultimately prove a claim for punitive damages, Plaintiff has been in possession of the facts and allegations necessary to assert such a claim since November 20, 2020, when Plaintiff filed her Amended Complaint.

Lastly, Plaintiff appears to suggest that amendment is warranted because the ability to assert a claim for punitive damages was "only very recently solidified" in *Hall v. Carnival Corp.*, No. 21-cv-20557, 2021 WL 1699878, at *4 (S.D. Fla. Apr. 29, 2021). *See* ECF No. [45] at 10.

4

Plaintiff is mistaken. In *Atl. Sounding Co. v. Townsend*, 557 U.S. 404 (2009), the United Supreme Court clearly set forth that "[b]ecause punitive damages have long been an accepted remedy under general maritime law, . . . such damages for the willful and wanton disregard of the maintenance and cure obligation should remain available in the appropriate case as a matter of general maritime law." *Id.* at 424. *See also Petersen v. NCL (Bahamas) Ltd.*, 748 F. App'x 246, 252 (11th Cir. 2018) ("punitive or loss of consortium damages may be available under federal maritime law 'in exceptional circumstances such as willful failure to furnish maintenance and cure to a seaman[.]'" (quoting *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993*, 121 F.3d 1421, 1429 (11th Cir. 1997))); *Hall*, 2021 WL 1699878, at *4 ("Plaintiffs in this action may recover punitive damages only upon a showing of intentional misconduct." (quoting *Crusan v. Carnival Corp.*, No. 13-cv-20592-KMW/Simonton, 2015 WL 13743473, at *7 (S.D. Fla. Feb. 24, 2015))). Thus, contrary to Plaintiff's position, there has been no recent development in the law that now permits Plaintiff to assert a claim for punitive damages.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [45]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

---

[1] Because Plaintiff has not demonstrated good cause to file a Second Amended Complaint, the Court need not address whether amendment is proper under Rule 15(a). *See Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. 2002) ("A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry[.]" (*citing Sosa*, 133 F.3d at 1418)).